■ DANNA METRO HEATING CORP., Appellant, v MOBIL OIL CORPORATION et al., Respondents. [609 NYS2d 658] —In an action, *inter alia,* to recover damages for breach of contract and breach of an express warranty, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), entered August 8, 1991, which, *inter alia,* after a nonjury trial, is in favor of the defendants and against the plaintiff dismissing the complaint.

Ordered that the judgment is reversed, on the law and on the facts, with costs, the plaintiff is granted judgment on the issue of liability, and the matter is remitted to Supreme Court, Nassau County, for a determination of damages.

By a letter dated July 10, 1982, the defendant Mobil Oil Corporation (hereinafter Mobil) notified various retailers of

home heating oil, including an affiliate of the plaintiff, that it was considering selling two of its retail distributors of home heating oil in New York City and on Long Island: its Metropolitan Division, a division of Mobil, and the defendant Danna Oil Corporation, a wholly-owned subsidiary of Mobil. Mobil included a fact sheet with the letter informing the retailers about various aspects of its business and solicited bids based on this information. Mobil's most valuable asset was its customer list, and in connection with this, Mobil informed the retailers that in 1981, it had sold 4,580,118 gallons of heating oil to its customers. It also informed the prospective bidders that further information needed to formulate a bid (except for the actual customer list) could be obtained from Mobil's local offices.

The plaintiff's affiliate, Carbo Industries, Inc. (hereinafter Carbo) was interested in purchasing Mobil's businesses and visited Mobil's local offices several times to request further information. It learned, *inter alia,* that at the end of 1981, Mobil had 3,354 customers, but that as of June 30, 1982, Mobil had lost about 200 of those customers. Carbo also learned that for the 12-month period ending June 30, 1982, Mobil had sold about 4,453,000 gallons of heating oil. Carbo submitted a bid to Mobil which included a specific sum for the customer list which was based on Mobil's 1981 volume of 4,580,118 gallons. After Mobil informed Carbo that it was the successful bidder, Carbo formed a separate corporation to execute the purchase. Mobil agreed to allow Carbo to use the names "Danna" and "Metro", and substitute the new corporation, the plaintiff Danna Metro Heating Corp., as purchaser.

In two separate contracts (one for the purchase of the Metropolitan Division and one for the purchase of Danna Oil Corporation) dated September 7, 1982, the plaintiff agreed to pay Mobil a total of $920,733 for Mobil's customer list. Mobil warranted that the customer list turned over to the plaintiff was "substantially accurate and containing only actual existing and current customers", and that it "contain[ed] all of [Mobil's] home heating oil customers * * * as of the date of closing, and that said customer list is substantially the same as existed when [Mobil's] invitation to bid was sent to Buyer, subject to any accounts * * * lost by [Mobil] in the normal course of business in the interim". Mobil also warranted that it sold a total of 4,714,000 gallons of heating oil in 1981, but refused to guarantee that the plaintiff would sell such a volume in the future.

When the plaintiff inspected the customer list it received at

closing from Mobil, it determined that it contained the names and addresses of about 2,300 customers who, in 1981, purchased about 3,768,000 gallons of heating oil. The customer list also contained information on about 900 "phantom accounts" (accounts which were no longer active and for which no name and address were given). In 1981, these "phantom accounts" purchased about 947,114 gallons of heating oil from Mobil. The plaintiff subsequently complained to Mobil that it did not feel that it had received what it had bargained for, since the active customers turned over to it had not purchased 4,714,000 gallons of heating oil in 1981.

When Mobil refused the plaintiff's requests to adjust the purchase price, the plaintiff brought the instant action in the Supreme Court, Nassau County, alleging breach of warranty and breach of contract. The plaintiff claimed, *inter alia,* that the customer list Mobil turned over at closing was not substantially the same as Mobil's customer list which existed when Mobil invited the plaintiff to bid on the businesses. After a nonjury trial, the court dismissed the plaintiff's complaint, finding that "Mobil did not breach its obligations as defined by the contract" since "[t]he difference in the volume of sales between the two customer lists was insubstantial and attributable to accounts lost in the normal course of business". The plaintiff now appeals.

An express warranty contained in a contract of sale is a bargained-for contractual term which is part of the purchase agreement, and the express warranty is as much a part of the contract as any other term *(see, CBS Inc. v Ziff-Davis Publ. Co.,* 75 NY2d 496). "Once the express warranty is shown to have been relied on as part of the contract, the right to be indemnified in damages for its breach * * * depends only on establishing that the warranty was breached" *(CBS Inc. v Ziff-Davis Publ. Co., supra,* at 503-504). We agree with the plaintiff that the trial court improperly dismissed its complaint.

In the present case, Mobil does not dispute that the customer list it delivered to the plaintiff at closing contained about 2,300 customers. Additionally, the documentary evidence established that Mobil had 3,354 customers at the end of 1981, and the court found that the documents demonstrated that Mobil lost "over 400 customers" in the first six months of 1982. Thus, when Mobil sent out its invitation to bid, it had about 2,900 customers. Since the customer list Mobil delivered to the plaintiff at closing contained about 600 fewer customers than the number of customers as which existed when Mobil sent out its invitation to bid, we find that they were not

"substantially" the same. We also find that since Mobil could not have lost these customers in the ordinary course of business in a two-month period, Mobil breached this warranty.

The Supreme Court, Nassau County, is directed to make a determination as to the damages suffered by the plaintiff as a result of the breach. The determination is to be made solely upon the evidence previously admitted at the trial of this matter. Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.