■ ASM CAPITAL et al., Appellants-Respondents, v FIRST NATIONAL BANK OF WAVERLY et al., Respondents-Appellants. [45 NYS3d 504]—

In an action, inter alia, to recover damages for breach of express warranties, (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 28, 2014, as denied that branch of their cross motion which was for summary judgment on the issue of liability on the causes of action alleging breach of express warranty, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied

that branch of their motion which was for summary judgment dismissing the causes of action alleging breach of express warranty, and (2) the plaintiffs appeal, as limited by their brief, from so much of an order of the same court dated December 17, 2014, as, upon renewal, granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging breach of express warranty, and the defendants cross-appeal from stated portions of the order dated December 17, 2014.

Ordered that the cross appeal from the order dated August 28, 2014, is dismissed, as the portion of the order dated August 28, 2014, cross-appealed from was superseded by the order dated December 17, 2014, made upon renewal; and it is further,

Ordered that the cross appeal from the order dated December 17, 2014, is dismissed, as the defendants are not aggrieved by that order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the orders dated August 28, 2014, and December 17, 2014, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In 2008, the defendants First National Bank of Waverly and Wesbanco Bank, Inc. (hereafter together the defendants), were holders of a note issued by nonparty the Brown Corporation of America (hereinafter Brown) with an unpaid balance of $217,612, when Brown and its related companies declared bankruptcy and sought to reorganize. The defendants filed a proof of claim in the bankruptcy proceeding, and Brown filed a reorganization plan which classified the claim as a general unsecured debt. During the pendency of the bankruptcy proceeding, the plaintiffs purchased the defendants' claim for the sum of $152,328.40 pursuant to a claim purchase agreement. Ultimately, the plaintiffs were not able to recover any money on the claim in the bankruptcy proceeding.

The plaintiffs then commenced this action alleging, inter alia, that the defendants violated express warranties contained in the claim purchase agreement since, among other things, their actions resulted in the claim being treated differently from those of other similarly-situated creditors. The defendants moved, inter alia, for summary judgment dismissing the causes of action alleging breach of the express warranties and the plaintiffs cross-moved for summary judgment on the issue of liability on those causes of action. In an order dated August 28, 2014, the Supreme Court denied those branches of the motion and the cross motion.

The parties then moved and cross-moved for leave to renew. In an order dated December 17, 2014, the Supreme Court denied renewal to the plaintiffs, granted renewal to the defendants, and, upon renewal, granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging breach of express warranty. The plaintiffs appeal and the defendants cross-appeal from the orders dated August 28, 2014, and December 17, 2014.

An express warranty contained in a contract of sale is a bargained-for contractual term which is part of the purchase agreement, and the express warranty is as much a part of the contract as any other term (*see CBS Inc. v Ziff-Davis Publ. Co.*, 75 NY2d 496 [1990]; *Danna Metro Heating Corp. v Mobil Oil Corp.*, 203 AD2d 231, 233 [1994]). Once the express warranty is shown to have been relied on as part of the contract, the right to indemnification depends only on establishing that the express warranty was breached (*see CBS Inc. v Ziff-Davis Publ. Co.*, 75 NY2d at 503-504). Here, upon renewal, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not breach the express warranties contained in the claim purchase agreement. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court, upon renewal, properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging breach of express warranty. Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.